UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSMAN ALEXANDER AGUILAR GUILLEN,<br><br>Petitioner,<br><br>v.<br><br>DAVID MARIN, et al.,<br><br>Respondents. | Case No. 5:26-cv-06309-FWS-PD<br><br>**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**<br><br>**A# 245-658-412** |

This Report and Recommendation is submitted to the Honorable Fred W. Slaughter, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California. The Court has considered the Petition, the attached exhibits, and Petitioner's response. Respondents did not file an answer by the deadline and have not filed an answer or notice of appearance as of the date of this Report and Recommendation. For the reasons discussed below, it is recommended that the Petition be granted and release be ordered.

## I. Procedural History

On October 24, 2026, Osman Alexander Aguilar Guillen ("Petitioner"), an immigration detainee, filed a counseled Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, seeking his release from immigration custody. Dkt. No. 1. Pursuant to General Order 26-05, Respondents' answer was due November 2, 2026. Dkt. No. 7. Respondents did not file an answer by that deadline, and as of the date of this Report, have not filed a response or notice of appearance.

## II. Background

On December 22, 2023, Petitioner, a national and citizen of Honduras, entered the United States without inspection near Eagle Pass, Texas, along with his partner and two children. Customs and Border Patrol ("CBP") officers detained Petitioner and his family shortly after their entry. On December 24, 2023, CBP officers issued Petitioner a Notice to Appear, charging him as inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i). That same day, Petitioner was issued an Order of Release on Recognizance and instructed to report to any hearing or interview as directed. Petitioner alleges that despite being served a Notice to Appear, removal proceedings were not initiated against him at that time because immigration officials did not file his Notice to Appear with the Executive Office for Immigration Review ("EOIR") before he was detained on October 17, 2026.

Once released, Petitioner settled in Southern California with his partner and children. The couple later had two more children, who are U.S. citizens. On December 20, 2024, Petitioner filed an asylum application and was granted employment authorization. Petitioner worked as a contractor for a roofing company to support his family.[1]

[1] Petitioner was the sole financial provider for his family before his detention. Petition ¶ 82.

On October 17, 2026, Petitioner was detained by Immigration and Customs Enforcement ("ICE") officers while he was driving to a work site. Petitioner alleges the ICE officers did not present a warrant when they arrested him. Petitioner alleges he did not attempt to flee during the arrest and has no criminal history. Petitioner remains detained at the Adelanto ICE Processing Center while his removal proceedings are pending. *See* Petition at 4, 32–37.[2]

## III. Discussion

Petitioner asserts his detention violates the following: (1) the Fourth Amendment; (2) substantive due process; (3) procedural due process; and (4) the Immigration and Nationality Act ("INA"), to the extent Petitioner is being detained under 8 U.S.C. § 1225(b). Petitioner seeks release.

Respondents have neither filed a notice of appearance nor an answer. The time has passed to comply with the briefing schedule, and so the Court recommends deeming this Petition unopposed.

Federal courts must decide cases based on the arguments the parties present. *See United States v. Sineneng-Smith*, 590 U.S. 371, 375–76 (2020); *Greenlaw v. United States*, 554 U.S. 237, 243 (2008). That rule follows from the party presentation principle: "In our adversarial system of adjudication . . . in both civil and criminal cases, in the first instance and on appeal . . . we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *Sineneng-Smith*, 590 U.S. at 375 (2020) (cleaned up). Earlier this year, the Supreme Court reminded the lower courts that they are "essentially passive instruments of government" who must stick to the narrow questions teed up by the parties. *Margolin v. Nat'l Assoc. of Immigration Judges*, 146 S. Ct. 1285, 1288 (2026)

[2] The Court uses the page numbers inserted into the pleadings by the Court's electronic filing system.

(citation omitted).

Here, Respondents did not meet this burden as they failed to provide an answer. Their failure to do so constitutes forfeiture of the arguments they *could* have made in support of their position. *See Martinez v. Sessions*, 873 F.3d 655, 660 (9th Cir. 2017) ("The government does not offer any argument on the merits of this petition; therefore, it has waived any challenge to the arguments [the opposing party] raised."); *Am. Int'l Enters., Inc. v. F.D.I.C.*, 3 F.3d 1263, 1266 n.5 (9th Cir. 1993) ("Issues raised in the brief that are not supported by argument are deemed abandoned."). And where the opposing party offers no reason to reject a particular claim, the Court is not duty-bound to go find a reason for them—indeed, the party presentation principle requires it to do the opposite. *Sineneng-Smith*, 590 U.S. at 375-76 ("[A]s a general rule, our system is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief.") (cleaned up).

As such, the Court need not decide whether it agrees with the merits of Petitioner's claims in all respects; it simply acknowledges that his claim that his detention is without lawful authority is unrefuted. As numerous other courts have found in such circumstances, the Court recommends granting the Petition based on Respondent's failure to oppose the primary relief sought. *See, e.g.*, *Barajas-Bautista v. Warden, Desert View Annex*, No. 5:26-cv-03135-SK, 2026 WL 2058433, at *2 (C.D. Cal. July 13, 2026) (granting petition and ordering release where the respondent did not oppose granting a bond hearing but did not address the petitioner's remaining claims; noting "Respondents, who alone possess petitioner's A-file, his Form I-213, and his criminal history record, filed nothing and denied nothing"); *Soleimani v. Larose*, No.: 25-cv-3082-DMS-DEB, 2025 WL 3268412, *3 (S.D. Cal. 2025) (granting habeas petition where government's answer to the petition did not respond to all

claims in the petition, including a Fifth Amendment due process claim); *Singh v. Chiang*, No. ED CV 25-3024 FMO (SP), 2025 WL 4058328, *4 (C.D. Cal. 2025) (construing government's failure to oppose argument raised by habeas petitioner as a concession); *N-E-M-B v. Wamsley*, No. 3:25-cv-989-SI, 2025 WL 3527111, at *1 (D. Or. Dec. 9, 2025) ("Respondents do not challenge any aspect of the Petition on the merits and thus the Court finds that Respondents have waived such challenges and conceded those aspects of the Petition.").

In sum, because Respondents have not met their burden "to show cause why the writ should not be granted," 28 U.S.C. § 2243, the Court recommends granting the Petition and ordering Petitioner released.

## IV. Shortened Objections Period

Either party may file objections to this Court's findings and recommendations under 28 U.S.C. § 636(b)(l)(C). By Local Rule, the objections period in a case involving a person in custody is presumptively 20 days. *See* L.R. 72-3.4. However, the Court finds that a shortened objection period is warranted here given the nature of the relief at issue and that the parties had the opportunity to develop and present their respective positions in written briefs. *See United States v. Barney*, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (holding that a district court has the discretion to shorten the objection period). Accordingly, the parties must submit any objections to this Report and Recommendation on or before **November 9, 2026 at noon**.

## V. Recommendation

For the reasons discussed herein, IT IS RECOMMENDED that the District Judge issue an Order:

(1) accepting this Report and Recommendation;

(2) granting habeas relief;

(3) directing that Judgment be entered granting the Petition;

(4) ordering Respondents to release Petitioner Osman Alexander Aguilar Guillen (A# 245-658-412) from immigration custody within 24 hours of the order accepting this Report and Recommendation, on the same conditions of release that existed before his detention;

(5) ordering Respondents to return to Petitioner any of Petitioner's personal belongings that were seized from him, including all identification, work authorization, or other official documents; and

(6) ordering Respondents to file a status report within three days of the order (1) confirming Petitioner's release, and (2) confirming the return to Petitioner of his personal belongings, including the above-listed items.

DATED: November 6, 2026

Patricia Donahue
United States Magistrate Judge

## NOTICE

Reports and Recommendations are not appealable to the Court of Appeals. They are subject to review by the District Judge whose initials appear in the docket number. No Notice of Appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the Judgment of the District Court.